IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **CHARLES S. HARTZOL, III,** | |
| **Plaintiff,** | |
| v. | Case No. 25-cv-00239-SPM |
| **ROB JEFFREYS,**<br>**SARA MCCLURE, and**<br>**JON LOFTUS,** | |
| **Defendants.** | |

# MEMORANDUM AND ORDER

**MCGLYNN, District Judge:**

Plaintiff Charles Hartzol, an inmate in of the Illinois Department of Corrections (IDOC) who is currently incarcerated at Menard Correctional Center, brings this civil action pursuant to 42 U.S.C. §1983 for violations of his constitutional rights. The First Amended Complaint is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or requests money damages from a defendant who by law is immune from such relief must be dismissed. *See* 28 U.S.C. § 1915A(b).

### THE FIRST AMENDED COMPLAINT[1]

Plaintiff alleges that because he is on C-grade status, Menard Correctional Center has limited his ability to "speak [his] mind" and communicate with loved ones. (Doc. 11, p. 1). He asserts that in February 2023, he was prohibited from taking a legal call from Attorney Emily

---

[1] Because it appears that Plaintiff is relying on statements made in the Complaint and attached exhibits in asserting his claims, the Court is construing the allegations in all of these pleadings together. *See Otis v. Demarass,* 886 F.3d 639, 644 (7th Cir. 2018).

Hirsch by Chief Administrative Officer Anthony Wills and Director Jeffreys because of a "disciplinary report and assault that happen[ed] by staff that caused [him] harm and safety problems." (*Id.*). He states that he has a constitutional right to telephone family and friends and to have confidential legal visits and calls with an attorney. (*Id.*).

According to Plaintiff, pursuant to IDOC regulation 504.130, he has repeatedly petitioned for a "promotion in grade," and his petitions were denied in January 2023, April 2023, April 2024, and July 2024. (Doc. 11-1, p. 6-). Plaintiff filed a grievance on May 5, 2023, about the lengthy period of time he is to remain designated as C-grade status. The grievance was denied by Grievance Officer Sara McClure. (*Id.*). McClure did not give Plaintiff a reason why he is being denied the restoration of his grade status. The grievance was ultimately denied by the Administrative Review Board Member Jon Loftus because Plaintiff failed to follow proper grievance procedure and submit a copy of his grievance response along with his appeal. (*Id.*). Plaintiff asserts that this reasoning does not make sense because he followed "all the right stage[s]." (*Id.*). Plaintiff states that he has not received a disciplinary ticket for two years. (*Id.*). According to his exhibits, Plaintiff's request for promotion grade was approved on December 2024, and his time as C-grade status was reduced. (Doc. 11-1, p. 11). He will now remain on C-grade status until September 20, 2028. (*Id.*).

## DISCUSSION

Plaintiff again has failed to state a claim against any of the named Defendants – Rob Jeffreys, Sara McClure, and Jon Loftus. Plaintiff's sole assertion against Director Rob Jeffreys is that he "denied [Plaintiff's] legal call" in February 2023. (Doc. 11, p. 1). Based on this allegation, Plaintiff has failed to state a First Amendment claim against Jeffreys. To sufficiently plead a denial of access to courts claim under the First Amendment, a plaintiff must be able to show "some quantum of detriment caused by the challenged conduct of state officials resulting in the

interruption and/or delay of plaintiff's pending or contemplated litigation." *Alston v. DeBruyn*, 13 F.3d 1036, 1041 (7th Cir. 1994). A plaintiff must explain "the connection between the alleged denial of access ... and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Ortiz v. Downey,* 561 F.3d 664, 671 (7th Cir. 2009) (internal quotation and citation omitted). This requires Plaintiff to identify the underlying claim that was lost. *See Christopher v. Harbury*, 536 U.S. 403, 416 (2002); *Steidl v. Fermon*, 494 F.3d 623, 633 (7th Cir. 2007).

Plaintiff does not explain his relationship with Attorney Hirsch or the purpose of the phone call that was supposed to take place in February 2023. He also does not identify any specific legal claim that was prejudiced by the denial of the phone call. As another court in this district has noted, "[i]t is difficult to imagine how the denial of a single phone call would foreclose [an] entire claim to post-conviction relief." *Randle v. Butler,* No. 16-cv-01191-NJR, 2017 WL 1035752, at *10 (S.D. Ill. 2017). Likewise, this Court cannot plausibly infer that any case or claim was impeded by Plaintiff's inability to speak with Attorney Hirsch one time in February 2023. Because Plaintiff has failed to provide facts that Director Jeffreys's conduct "prejudice[d] a potentially meritorious challenge to [Plaintiff's] conviction, sentence, or conditions of confinement," *Marshall v. Knight,* 445 F.3d 965, 968 (7th Cir. 2006), Plaintiff's First Amendment claim for denial of access to the courts is dismissed.

To the extent Plaintiff is also asserting a First Amendment claim against Director Jeffreys for limiting his communication, again he does not provide sufficient facts to support a claim. There is no "First Amendment right to 'freely and efficiently communicate' with an attorney." *Gill v. Inmate Call Solutions,* No. 25-cv-757-pp, 2025 WL 2144758, at *4 (E.D. Wisc. 2025) (quoting *Lashbrook,* 758 F. App'x 539, 541 (7th Cir. 2019)). Plaintiff's allegation of a single instance of a telephone restriction with Attorney Hirsch by Jeffreys does not rise to the level of a constitutional

violation. *See Lashbrook,* 758 F. App'x at 541 ("the First Amendment does not mandate 'unrestricted and unlimited private contacts' with counsel" (citing *Turner v. Safley*, 482 U.S. 78, 89 (1987))). Accordingly, Plaintiff's First Amendment claims against Jeffreys are dismissed.

As to Defendants Grievance Officer McClure and Administrative Review Board Member Loftus, Plaintiff attempts to assert liability solely based on their role in the grievance process, which he cannot do. Plaintiff claims that McClure did not give him an adequate response to his grievance and failed to explain why his requests for promotion in his grade status were being denied. (Doc. 11, p. 1). He asserts that Loftus incorrectly denied his grievance based on the faulty reasoning that Plaintiff had not properly followed the grievance process. (*Id.*). It has long been held, however, that "[r]uling against a prisoner on an administrative complaint does not cause or contribute to a violation." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007) (explaining that "[o]nly persons who cause or participate in the violations are responsible"). Thus, McClure and Loftus cannot be liable for any constitutional violation because they received and reviewed Plaintiff's grievance. *See Owens v. Hinsley,* 635 F.3d 950, 953 (7th Cir. 2011) ("the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim"). Accordingly, any claims against McClure and Loftus are dismissed.

Because Plaintiff has failed to state a constitutional claim against any of the Defendants, the First Amended Complaint does not survive screening under 28 U.S.C. § 1915A and shall be dismissed. When a complaint fails to state a claim upon which relief may be granted, the plaintiff is ordinarily given an opportunity to amend the complaint in order to correct the deficiencies. *See* FED. R. CIV. P. 15(a). However, leave to amend need not be granted if it is clear that any amendment would be futile. *See Always Towing & Recovery, Inc. v. City of Milwaukee,* 2 F.4th 695, 707 (7th Cir. 2021); *Bogie v. Rosenberg*, 705 F.3d 603, 608 (7th Cir. 2013); *Garcia v. City of*

*Chicago,* 24 F.3d 966, 970 (7th Cir. 1994). This is Plaintiff's second attempt to state a claim, and he again is unsuccessful. Accordingly, the Court finds that any further amendment of Plaintiff's claims in this action would be futile. The dismissal of this case will be with prejudice and without leave to amend.

## DISPOSITION

For the reasons stated above, the First Amended Complaint and this entire action are **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. The Court considers the dismissal of this action as a "strike" under 28 U.S.C. § 1915(g).

The Motion Requesting Settlement is **DENIED as moot** in light of this Order. (Doc. 12).

Plaintiff may appeal this Order by filing a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If he does choose to appeal, he will be liable for the $605.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien,* 133 F.3d at 467. Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. Fed. R. App. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

DATED:   January 29, 2026

                                       _s/Stephen P. McGlynn_
                                       **STEPHEN P. MCGLYNN**
                                       **United States District Judge**